UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS E. BLANKS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00479-AGF |
| | ) |
| CONTINENTAL CEMENT COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases."  *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Plaintiff Curtis E. Blanks, II filed this action in state court on February 26, 2020, alleging violations of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. and the Missouri Workers' Compensation Act, Mo. Rev. Stat. §§ 287.780, et seq. Defendant Continental Cement Company, LLC removed the case to this Court on April 3, 2020, alleging that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.  In his complaint, Plaintiff alleges that he is an individual who resides in the State of Illinois.  In its notice of removal, Defendant correctly alleges

that Plaintiff is "therefore a citizen of Illinois," and that Defendant is a "limited-liability company" whose citizenship for the purpose of diversity jurisdiction under § 1332 is the citizenship of each of its members. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Defendant's notice of removal appropriately traces through each level of its membership. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("[I]f any partner is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person."). In particular, Defendant alleges that its sole member is another LLC, whose sole member is yet another LLC, whose sole member is a limited partnership named Summit Materials Holdings LP ("Holdings"). The notice of removal then states as follows:

> Holdings' general partner is Summit Materials, Inc., a publicly traded Delaware corporation with its principal place of business in Denver, Colorado, and no general or other active partner of Holdings is a Missouri citizen. Thus, for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a), Defendant is a citizen of Delaware and Colorado, and is not a citizen of Missouri.
>
> Based upon the foregoing, complete diversity exists between Plaintiff, a citizen of the State of Illinois, and Defendant, a citizen of the State of Delaware and Colorado.

ECF No. 1 at 3. Defendant's Disclosure of Organizational Interests Certificate contains nearly identical language.[1] *See* ECF No. 3.

---

[1]  The Court's Local Rules require every non-governmental organizational party in a civil case to file a Disclosure of Organizational Interests Certificate, and if the party is a limited liability corporation, the certificate "must identify each member of the subject

2

However, "for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited." *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).  Thus, in order to determine whether complete diversity of citizenship exists in this case, the Court must examine the citizenship of each partner, both general and limited, of Holdings.  Defendant's notice of removal alleges that Holding's general partner is a citizen of Delaware and Colorado and that no "active" partner is a citizen of Missouri.[2]  But Defendant fails to allege whether any general or limited partner of Holdings is a citizen of Illinois, which would destroy diversity.

Therefore, the Court will grant Defendant seven days to file an amended notice of removal to allege the requisite diversity of citizenship of the parties.  *See* 28 U.S.C. § 1653.  Defendant shall likewise file an amended Disclosure of Organizational Interests Certificate.  The Court will give Plaintiff an opportunity to respond.[3]  Defendant's failure

---

organization and each member's state of citizenship." E.D. Mo. L.R. 2.09(B)(2).  Local Rule 2.09's stated intent is, in part, to "confirm jurisdiction is proper." *Id.*

[2]     To the extent that this allegation is an attempt to establish that Defendant is not a citizen of Missouri for purpose of the forum-defendant rule, *see* 28 U.S.C. § 1441(b)(2) (prohibiting removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"), the allegation is likewise insufficient.  It is not clear from this allegation whether any general or limited partner of Holdings is a citizen of Missouri.  The Eighth Circuit has held that violation of the forum-defendant rule is a "jurisdictional defect" that cannot be waived.  *See Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005).  However, the Eighth Circuit has indicated that it may revisit this holding en banc.  *See Holbein v. Baxter Chrysler Jeep, Inc.*, 948 F.3d 931, 934 (8th Cir. 2020), *reh'g en banc granted*, *opinion vacated* (Mar. 19, 2020).

[3]     This opportunity to respond is for the benefit of the Court on its own review of its jurisdiction, separate and apart from any right of Plaintiff to file a motion for remand.  Plaintiff's response will not be considered as a motion for remand.

to fully and timely comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly,

**IS HEREBY ORDERED** that no later than **seven days** from the date of this Order, Defendant shall file an amended notice of removal, to allege jurisdictional facts establishing its citizenship as set forth above. Failure to fully and timely comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant shall also file, no later than **seven days** from the date of this Order, an amended Disclosure of Organizational Interests Certificate that corresponds with the above.

**IT IS FURTHER ORDERED** that Plaintiff may file a response no later than **seven days** from the date the amended notice of removal is filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2020.